# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
01/24/2019
CT Log Number 534795723

**TO:**  Charissa Sebesta
CEVA Logistics
15350 Vickery Dr
Houston, TX 77032-2530

**RE:**  **Process Served in Texas**

**FOR:**  CEVA Logistics U.S., Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CLARENCE C. BELL, III, ETC., PLTF. vs. CEVA LOGISTICS U.S., INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | AMENDED COMPLAINT, EXHIBIT |
| **COURT/AGENCY:** | Riverside County, Superior Court of California, CA<br>Case # RIC1824189 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/24/2019 at 13:38 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | KEVIN T. BARNES, ESQ.<br>LAW OFFICES OF KEVIN T. BARNES<br>1635 PONTIUS AVENUE, SECOND FLOOR<br>LOS ANGELES, CA 90025<br>323-549-9100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/25/2019, Expected Purge Date: 01/30/2019<br><br>Image SOP<br><br>Email Notification,  Charissa Sebesta  charissa.sebesta@cevalogistics.com<br><br>Email Notification,  Jerry Garcia  jerry.garcia@cevalogistics.com<br><br>Email Notification,  Matilde Robinson  Matilde.Robinson@cevalogistics.com<br><br>Email Notification,  Marcus Bradley  marcus.bradley@cevalogistics.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  Kevin T. Barnes, Esq. (#138477)
2  Gregg Lander, Esq. (#194018)
   LAW OFFICES OF KEVIN T. BARNES
3  1635 Pontius Avenue, Second Floor
   Los Angeles, CA 90025-3361
4  Tel.: (323) 549-9100 / Fax: (323) 549-0101
   Email: Barnes@kbarnes.com

5  Raphael A. Katri, Esq. (#221941)
6  LAW OFFICES OF RAPHAEL A. KATRI
   8549 Wilshire Boulevard, Suite 200
7  Beverly Hills, CA 90211-3104
   Tel.: (310) 940-2034 / Fax: (310) 733-5644
8  Email: RKatri@socallaborlawyers.com

9  Attorneys for Plaintiff CLARENCE C. BELL, III,
   on behalf of himself and all others similarly situated

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11               **FOR THE COUNTY OF RIVERSIDE**

| | |
|---|---|
| 12  CLARENCE C. BELL, III, on behalf of himself and all others similarly situated, | ) **CLASS ACTION** |
| 13 | ) Case No.: RIC1824189 |
| 14          Plaintiffs, | ) **FIRST AMENDED COMPLAINT FOR:** |
| 15          v. | ) 1. **FAILURE TO PROVIDE ALL PAID REST PERIODS;** |
| 16  CEVA LOGISTICS U.S., INC., a Delaware corporation; RANDSTAD INHOUSE SERVICES, LLC, a | ) 2. **FAILURE TO PROVIDE ALL SECOND MEAL PERIODS;** |
| 17  Delaware limited liability company; and DOES 1 to 100, inclusive, | ) 3. **FAILURE TO PAY ALL SEVENTH DAY OVERTIME WAGES;** |
| 18          Defendants. | ) 4. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** |
| 19 | ) 5. **VIOLATIONS OF <u>LABOR CODE</u> §203** |
| 20 | ) 6. **PENALTIES PURSUANT TO <u>LABOR CODE</u> §2699; AND** |
| 21 | ) 7. **UNFAIR BUSINESS PRACTICES** |
| 22 | ) **DEMAND FOR JURY TRIAL** |
| 23 | ) Honorable David M. Chapman Department PS 2 |
| 24 | ) |
| 25 | ) Action filed: November 15, 2018 ) Trial Date: None Set |

26        Plaintiff CLARENCE C. BELL, III, an individual on behalf of himself and all others

27  similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint

28  against Defendants CEVA LOGISTICS U.S., INC., RANDSTAD INHOUSE SERVICES, LLC

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 1 -

1   and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed

2   and believe, and on the basis of that information and belief, allege as follows:

3                                              I.

4                                      **INTRODUCTION**

5          1.      This is a civil action seeking recovery for Defendants' violations of the California

6   Labor Code ("Labor Code"), California Business and Professions Code ("B&PC"), the

7   applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the

8   "IWC Wage Orders") and related common law principles.

9          2.      Plaintiffs' action seeks monetary damages, including full restitution from

10  Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

11         3.      The acts complained of herein occurred, occur and will occur, at least in part,

12  within the time period from four (4) years preceding the filing of the original Complaint herein,

13  up to and through the time of trial for this matter although this should not automatically be

14  considered the statute of limitations for any cause of action herein.

15  RELEVANT JOB TITLES

16         4.      For introductory and general information only (and not to be considered a

17  proposed class definition), the relevant individuals in this action are Defendants' hourly-paid

18  employees who were subjected to Defendants' policies and practices as described herein. Any

19  differences in job activities between the different individuals in these positions were and are

20  legally insignificant to the issues presented by this action.

21  SUMMARY OF CLAIMS

22         5.      With regard to Defendants' hourly-paid employees, Defendants have:

23               a.   Failed to provide all paid rest periods;

24               b.   Failed to provide all legally-requisite second meal periods;

25               c.   Failed to pay all state-mandated 7th day overtime wages due and owing;

26               d.   Failed to timely furnish accurate itemized wage statements;

27               e.   Violated Labor Code §203;

28               f.   Incurred penalties pursuant to Labor Code §§2698, et seq.; and

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel: (323) 549-9100
Fax: (323) 549-0101
BARNES@KBARNES.COM

                                            - 2 -

                **BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

1        g.  Conducted unfair business practices.

## II.

## PARTIES

PLAINTIFF CLARENCE C. BELL, III

6.     Plaintiff CLARENCE C. BELL, III is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

7.     Plaintiff CLARENCE C. BELL, III worked for Defendant RANDSTAD INHOUSE SERVICES, LLC as an hourly-paid employee from approximately September 2017 to November 18, 2017 and for Defendant CEVA LOGISTICS U.S., INC. from approximately November 19, 2017 to October 26, 2018 in Mira Loma, California, which is in Riverside County, California.

8.     Plaintiff CLARENCE C. BELL, III seeks recovery herein from Defendants because with regard to Plaintiff CLARENCE C. BELL, III, while acting for Defendants in his capacity as an hourly-paid employee, Defendants have:

      a.  Failed to provide all paid rest periods;

      b.  Failed to provide all legally-requisite second meal periods;

      c.  Failed to pay all state-mandated 7th day overtime wages due and owing;

      d.  Failed to timely furnish accurate itemized wage statements;

      e.  Violated Labor Code §203;

      f.  Incurred penalties pursuant to Labor Code §§2698, et seq.; and

      g.  Conducted unfair business practices.

DEFENDANT, CEVA LOGISTICS U.S., INC.

9.     Defendant CEVA LOGISTICS U.S., INC. is now and/or at all times mentioned in this Complaint was a Delaware corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DEFENDANT, RANDSTAD INHOUSE SERVICES, LLC

10.    Defendant RANDSTAD INHOUSE SERVICES, LLC is now and/or at all times mentioned in this Complaint was a Delaware limited liability company and the owner and

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE
SIXTH FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1  operator of an industry, business and/or facility licensed to do business and actually doing

2  business in the State of California.

3  <u>DOES 1 TO 100, INCLUSIVE</u>

4      11.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this

5  Complaint were licensed to do business and/or actually doing business in California.

6      12.    Plaintiffs do not know the true names or capacities, whether individual, partner or

7  corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such

8  fictitious names pursuant to California <u>Code of Civil Procedure</u> ("CCP") §474.

9      13.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and

10  capacities as soon as they are ascertained.

11  <u>ALL DEFENDANTS</u>

12      14.    Defendants, and each of them, are now and/or at all times mentioned in this

13  Complaint were in some manner legally responsible for the events, happenings and circumstances

14  alleged in this Complaint.

15      15.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful

16  practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

17      16.    Defendants, and each of them, are now and/or at all times mentioned in this

18  Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-

19  versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times

20  mentioned in this Complaint were acting within the course and scope of that agency, servitude

21  and/or employment.

22      17.    Defendants, and each of them, are now and/or at all times mentioned in this

23  Complaint were members of and/or engaged in a joint venture, partnership and common

24  enterprise, and were acting within the course and scope of, and in pursuance of said joint

25  venture, partnership and common enterprise.

26      18.    Defendants, and each of them, at all times mentioned in this Complaint concurred

27  and contributed to the various acts and omissions of each and every one of the other Defendants

28  in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 4 -

**BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

1    19.    Defendants, and each of them, at all times mentioned in this Complaint approved

2   of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in

3   this Complaint.

4    20.    Defendants, and each of them, at all times mentioned in this Complaint aided and

5   abetted the acts and omissions of each and every one of the other Defendants thereby

6   proximately causing the damages alleged in this Complaint.

7                                         **III.**

8                        **JURISDICTION AND VENUE**

9    21.    The California Superior Court has jurisdiction in this matter due to Defendants'

10   aforementioned violations of California statutory law and/or related common law principles.

11   22.    The California Superior Court also has jurisdiction in this matter because both the

12   individual and aggregate monetary damages and restitution sought herein exceed the minimal

13   jurisdictional limits of the Superior Court and will be established at trial, according to proof.

14   23.    The California Superior Court also has jurisdiction in this matter because during

15   their employment with Defendants, Plaintiff CLARENCE C. BELL, III and the members of the

16   putative Classes herein were all California citizens. Further, there is no federal question at issue, as

17   the issues herein are based solely on California statutes and law.

18   24.    Venue is proper in Riverside County pursuant to CCP §395(a) and CCP §395.5 in

19   that liability arose there because at least some of the transactions that are the subject matter of this

20   Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts

21   business, and/or has an agent therein.

22                                         **IV.**

23                        **CLASS ACTION ALLEGATIONS**

24   25.    CCP §382 provides in pertinent part: "…[W]hen the question is one of a common

25   or general interest, of many persons, or when the parties are numerous, and it is impracticable to

26   bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs

27   bring this suit as a class action pursuant to CCP §382.

28   ///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNESLAW.COM

- 5 -

26.     The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding providing all paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

b.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding second meal periods as specifically described herein (hereinafter, the "Meal Period Class");

c.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who worked seven days in a workweek for Defendants and were subjected to Defendants' policies and practices regarding the payment of overtime wages for their seventh day of work in a workweek (hereinafter, the "7th Day Overtime Class");

d.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Wage Statement Class");

e.  All formerly-employed California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein (hereinafter, the "LC 203 Class"); and

f.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein (hereinafter, the

1    "17200 Class").

2    27.    The Rest Period Class, Meal Period Class, 7th Day Overtime Class, Wage

3    Statement Class, LC 203 Class and 17200 Class are herein collectively referred to as the

4    "Classes."

5    28.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or

6    necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a

7    class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

8    29.    Numerosity (CCP §382):

9    a.    The potential quantity of members of the Classes as defined is so numerous

10    that joinder of all members is unfeasible and impractical;

11    b.    The disposition of the claims of the members of the Classes through this class

12    action will benefit both the parties and this Court;

13    c.    The quantity of members of the Classes is unknown to Plaintiffs at this time;

14    however, it is estimated that the membership of the Classes numbers greater

15    than 100 individuals; and

16    d.    The quantity and identity of such membership is readily ascertainable via

17    inspection of Defendants' records.

18    30.    Superiority (CCP §382): The nature of this action and the nature of the laws

19    available to Plaintiffs make the use of the class action format particularly efficient and the

20    appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

21    a.    California has a public policy which encourages the use of the class action

22    device;

23    b.    By establishing a technique whereby the claims of many individuals can be

24    resolved at the same time, the class suit both eliminates the possibility of

25    repetitious litigation and provides small claimants with a method of obtaining

26    redress for claims which would otherwise be too small to warrant individual

27    litigation;

28    ///

- 7 -

**BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
BARNES@KBARNES.COM

c. This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g. Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i) a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii) a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

iv) potentially incompatible standards of conduct for Defendants; and

///

BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT

1      v)    potentially incompatible legal determinations with respect to

2            individual members of the Classes which would, as a practical matter,

3            be dispositive of the interest of the other members of the Classes who

4            are not parties to the adjudications or which would substantially

5            impair or impede the ability of the members of the Classes to protect

6            their interests.

7      h.  The claims of the individual members of the Classes are not sufficiently large

8            to warrant vigorous individual prosecution considering all of the concomitant

9            costs and expenses attendant thereto;

10     i.   Courts seeking to preserve efficiency and other benefits of class actions

11           routinely fashion methods to manage any individual questions; and

12     j.   The Supreme Court of California urges trial courts, which have an obligation

13           to consider the use of innovative procedural tools to certify a manageable

14           class, to be procedurally innovative in managing class actions.

15     31.   Well-defined Community of Interest: Plaintiffs also meet the established

16     standards for class certification (see, e.g. Lockheed Martin Corp. v. Superior Court (2003) 29

17     Cal.4th 1096), as follows:

18     a.   Typicality: The claims of Plaintiff CLARENCE C. BELL, III are typical of

19           the claims of all members of the Classes he seeks to represent because all

20           members of the Classes sustained injuries and damages arising out of

21           Defendants' common course of conduct in violation of law the injuries

22           and damages of all members of the Classes were caused by Defendants'

23           wrongful conduct in violation of law, as alleged herein.

24     b.   Adequacy: Plaintiff CLARENCE C. BELL, III:

25           i)    is an adequate representative of the Classes he seeks to represent;

26           ii)   will fairly protect the interests of the members of the Classes;

27           iii)  has no interests antagonistic to the members of the Classes; and

28     ///

LAW OFFICES OF
KEVIN T. BARNES
1631 PONTIUS AVENUE
SECOND FLOOR
LOS ANGELES, CA
90025-3354
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

iv)    will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c.    <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

i)    Whether Defendants failed and continue to fail to provide all paid rest periods to the members of the Rest Period Class in violation of the <u>Labor Code</u> and Section 12 of the <u>IWC Wage Orders</u>;

ii)    Whether Defendants failed and continue to fail to provide legally-requisite second meal periods to the members of the Meal Period Class in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Orders</u>;

iii)    Whether Defendants paid the appropriate 7th day overtime wages to the members of the 7th Day Overtime Class;

iv)    Whether Defendants failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

v)    Whether Defendants are liable pursuant to <u>Labor Code</u> §203 to the members of the LC 203 Class;

vi)    Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

vii)    Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

viii)    Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

ix)    Whether the members of the Classes are entitled to injunctive relief;

x)    Whether the members of the Classes are entitled to restitution; and

xi)    Whether Defendants are liable for attorneys' fees and costs.

**BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

1    32.    Whether each member of the Classes might be required to ultimately justify an

2  individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha

3  (1972) 7 Cal.3d 232, 238).

**V.**

**CAUSES OF ACTION**

**FAILURE TO PROVIDE ALL PAID REST PERIODS**

**(On Behalf of the Rest Period Class)**

**(Against All Defendants)**

9    33.    Plaintiffs incorporate by reference and reallege each and every one of the

10 allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

11 forth herein.

12    34.    Labor Code §226.7(b) provides that "An employer shall not require an employee

13 to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or

14 applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational

15 Safety and Health Standards Board, or the Division of Occupational Safety and Health."

16    35.    Labor Code §516 provides that the Industrial Welfare Commission "may adopt or

17 amend working condition orders with respect to break periods, meal periods, and days of rest for

18 any workers in California consistent with the health and welfare of those workers."

19    36.    Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize

20 and permit all employees to take rest periods, which insofar as practicable shall be in the middle

21 of each work period. The authorized rest period time shall be based on the total hours worked

22 daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

23 However, a rest period need not be authorized for employees whose total daily work time is less

24 than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours

25 worked for which there shall be no deduction from wages."

26    37.    Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide

27 an employee a rest period in accordance with the applicable provisions of this order, the

28 employer shall pay the employee one (1) hour of pay at the employee's regular rate of

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

- 11 -

**BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

1   compensation for each workday that the rest period is not provided."

2       38.    The members of the Rest Period Class sometimes worked over four (4) hours per

3   shift. Further, the members of the Rest Period Class sometimes worked over six (6) hours per

4   shift, and in some cases over ten (10) hours per shift.

5       39.    The members of the Rest Period Class were entitled to a rest period of not less

6   than ten (10) minutes prior to exceeding four (4) hours of employment.

7       40.    Defendants' rest break policy states: "Non-exempt employees also may not leave

8   work premises during a rest break." As such, the members of the Rest Period Class were not

9   allowed to leave Defendants' premises for their rest breaks, in violation of Augustus v ABM

10  Security Services, Inc. (2016) 2 Cal.5th 257, as Defendants failed to relinquish all control over

11  how the members of the Rest Period Class spent their rest breaks.

12      41.    As such, as a matter of Defendants' established company policy, Defendants

13  failed to authorize and permit required rest periods established by Labor Code §226.7 and Labor

14  Code §516 and Section 12 of the IWC Wage Order(s).

15      42.    Pursuant to Section 12 of the IWC Wage Order(s) and Labor Code §226.7(b)

16  which states "if an employer fails to provide an employee a meal or rest period in accordance

17  with an applicable order of the Industrial Welfare Commission, the employer shall pay the

18  employee one additional hour of pay at the employee's regular rate of compensation for each

19  work day that the meal or rest period is not provided," the members of the Rest Period Class are

20  entitled to damages in an amount equal to one (1) additional hour of pay at each employee's

21  regular rate of compensation for each work day that the rest period was not so provided.

22      43.    Pursuant to Labor Code §218.6 and CC §3287, the members of the Rest Period

23  Class seek recovery of pre-judgment interest on all amounts recovered herein.

24  ///

25  ///

26  ///

27  ///

28  ///

- 12 -

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE ALL SECOND MEAL PERIODS

### (On Behalf of the Meal Period Class)

### (Against All Defendants)

44.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

45.   Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

46.   Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

47.   Labor Code §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

48.   Section 11(A) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The

LAW OFFICES OF
KENNETH BANKS
1633 POINTE AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3384
TEL:(323) 549-4700
FAX:(323) 549-4101
BANKS@KHAW.COM

- 13 -

BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT

1  written agreement shall state that the employee may, in writing, revoke the agreement at any
2  time."

3      49.    Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to
4  provide an employee a meal period in accordance with the applicable provisions of this order, the
5  employer shall pay the employee one (1) hour of pay at the employee's regular rate of
6  compensation for each workday that the meal period is not provided."

7      50.    On one or more occasions, the members of the Meal Period Class worked over ten
8  (10) hours per shift and therefore were entitled to a second meal period of not less than 30
9  minutes.

10      51.    The members of the Meal Period Class did not validly or legally waive their meal
11  periods, by mutual consent with Defendants or otherwise.

12      52.    The members of the Meal Period Class did not enter into any written agreement
13  with Defendants agreeing to an on-the-job paid meal period.

14      53.    As a matter of Defendants' established company policy, Defendants failed to
15  always comply with the meal period requirements established by Labor Code §226.7, Labor
16  Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s) by failing to always
17  provide the members of the Meal Period Class with a second legally compliant meal period.

18      54.    Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code §226.7(c)
19  which states "If an employer fails to provide an employee a meal or rest or recovery period in
20  accordance with a state law, including, but not limited to, an applicable statute or applicable
21  regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and
22  Health Standards Board, or the Division of Occupational Safety and Health, the employer shall
23  pay the employee one additional hour of pay at the employee's regular rate of compensation for
24  each workday that the meal or rest or recovery period is not provided.," the members of the Meal
25  Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each
26  employee's regular rate of compensation for each work day that the meal period was not
27  provided, in a sum to be proven at trial.

28  ///

**BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

1    55.    Pursuant to Labor Code §218.6 and CC §3287, the members of the Meal Period

2  Class seek recovery of pre-judgment interest on all amounts recovered herein.

3                              **THIRD CAUSE OF ACTION**

4              **FAILURE TO PAY ALL SEVENTH DAY OVERTIME WAGES**

5                        **(On Behalf of the 7th Day Overtime Class)**

6                              **(Against All Defendants)**

7    56.    Plaintiffs incorporate by reference and reallege each and every one of the

8  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

9  forth herein.

10    57.    Labor Code §510(a) states in pertinent part: "[T]he first eight hours worked on the

11  seventh day of work in any one workweek ... shall be compensated at the rate of no less than one

12  and one-half times the regular rate of pay for any employee. ... In addition, any work in excess

13  of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than

14  twice the regular rate of pay of an employee."

15    58.    Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a

16  lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

17  compensation applicable to the employee is entitled to recover in a civil action the unpaid

18  balance of the full amount of this minimum wage or overtime compensation, including interest

19  thereon, reasonable attorney's fees, and costs of suit."

20    59.    Labor Code §204 establishes the fundamental right of all employees in the State

21  of California to be paid wages, including straight time and overtime, in a timely fashion for their

22  work.

23    60.    Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than

24  the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC

25  Wage Order(s).

26    61.    Defendants, as a matter of established company policy and procedure, at each and

27  every one of the individual facilities owned and/or operated by Defendants:

28  ///

LAW OFFICES OF
KEVIN T. BARNES
1625 FONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3161
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 15 -

**BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

1          a.   Administered a uniform company policy and practice as to the pay policies

2               regarding Plaintiff and the members of the 7th Day Overtime Class;

3          b.   Scheduled to work and in fact required Plaintiff and the members of the 7th

4               Day Overtime Class to work seven days in a workweek on one or more

5               occasions;

6          c.   Failed to always pay Plaintiff and the members of the 7th Day Overtime Class

7               the correct overtime compensation for all work accomplished on the seventh

8               day in a workweek.

9      62.    Defendants' pattern, practice and uniform administration of corporate policy

10  regarding illegal employee compensation as described herein is unlawful and creates an

11  entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members

12  of the 7th Day Overtime Class, in a civil action, for the unpaid balance of the full amount of the

13  overtime premiums owing.

14      63.    That calculation of individual damages for the members of the 7th Day Overtime

15  Class may at some point be required does not foreclose the possibility of taking common

16  evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v.

17  Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment

18  Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

19      64.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the

20  members of the 7th Day Overtime Class seek recovery of pre-judgment interest on all amounts

21  recovered herein.

22      65.    Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the 7th

23  Day Overtime Class request that the Court award reasonable attorneys' fees and costs incurred

24  by them in this action.

25  ///

26  ///

27  ///

28  ///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SIXTH FLOOR
LOS ANGELES, CA
90125-3164
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KGFIRM.COM

- 16 -

BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT

**FOURTH CAUSE OF ACTION**

**FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**(On Behalf of the Wage Statement Class)**

**(Against All Defendants)**

66.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

67.     Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee....".

68.     Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay...."

69.     Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

70.     As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Orders §7(A), Defendants did not and still do not furnish each of the members of the Wage

1    Statement Class with an accurate itemized statement in writing showing (1) gross wages earned,

2    (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all

3    applicable hourly rates in effect during each respective pay period and the corresponding number

4    of hours worked at each hourly rate by each respective individual and/or pertaining to the total

5    hours worked for Defendants by the members of the Wage Statement Class, including but not

6    limited to, beginning and ending of each work period, meal periods, rest periods, the total daily

7    hours worked, the total hours worked per pay period, meal and rest period premium payments

8    and applicable rates of pay.

9         71.     As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an

10   employee suffers injury if the employer fails to provide accurate and complete information as

11   required by any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot

12   promptly and easily ascertain requisite information without reference to other documents or

13   information.

14        72.     Here, the members of Wage Statement Class suffered injury because Defendants

15   failed to provide accurate and complete information as required by one or more items listed in

16   Labor Code §226(a)(1)-(9) and the Wage Statement Class members could not and cannot

17   promptly and easily ascertain requisite information without reference to other documents or

18   information.

19        73.     In addition, the members of the Wage Statement Class have suffered injury as a

20   result of Defendants' failure to maintain accurate records for the members of the Wage

21   Statement Class in that the members of the Wage Statement Class were not timely provided

22   written accurate itemized statements showing all requisite information, including but not limited

23   to total hours worked by the employee, net wages earned and all applicable hourly rates in effect

24   during the pay period and the corresponding number of hours worked at each hourly rate, in

25   violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the members of the

26   Wage Statement Class were misled by Defendants as to the correct information regarding

27   various items, including but not limited to total hours worked by the employee, net wages earned

28   and all applicable hourly rates in effect during the pay period and the corresponding number of

BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT

1    hours worked at each hourly rate.

2         74.    The actual injuries suffered by the members of the Wage Statement Class as a

3    result of Defendants' knowing and intentional failure to maintain accurate records for the

4    members of the Wage Statement Class include but are not limited to:

5              a.   Confusion over whether they received all wages owed them by Defendants;

6              b.   The difficulty and expense of attempting to reconstruct time and pay records;

7              c.   Being forced to engage in mathematical computations to analyze whether

8                   Defendants' wages in fact compensated for all hours worked;

9              d.   The inability to accurately calculate wage rates complicated by the fact that

10                  wage statement information required by Labor Code §226 is missing;

11             e.   That such practice prevents the members of the Wage Statement Class from

12                  being able to effectively challenge information on their wage statements;

13                  and/or

14             f.   The difficulty and expense of filing and maintaining this lawsuit, and the

15                  discovery required to collect and analyze the very information that California

16                  law requires.

17        75.    Pursuant to Labor Code §226(e), the members of the Wage Statement Class are

18   entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation

19   hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a

20   subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

21        76.    Pursuant to Labor Code §226(g), the currently-employed members of the Wage

22   Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor

23   Code §226.

24        77.    Pursuant to Labor Code §226(e) and/or §226(g), the members of the Wage

25   Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

26   ///

27   ///

28   ///

BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF <u>LABOR CODE</u> §203

### (On Behalf of the LC 203 Class)

### (Against All Defendants)

78.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

79.   <u>Labor Code</u> §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with <u>Labor Code</u> §§201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

80.   The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

81.   Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, as set forth in this complaint and according to amendment or proof.

82.   Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

83.   Defendants' willful failure to pay wages to the members of the LC 203 Class violates <u>Labor Code</u> §203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

84.   Thus, the members of the LC 203 Class are entitled to recovery pursuant to <u>Labor Code</u> §203.

///

///

///

BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT

**SIXTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO LABOR CODE §2699**

**(On Behalf of the Aggrieved Employees)**

**(Against All Defendants)**

85.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

**A.      LABOR CODE §552**

86.     Labor Code §552 states: "No employer of labor shall cause his employees to work more than six days in seven."

87.     Labor Code §551 states: "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

88.     Labor Code §550 states: "As used in this chapter "day's rest" applies to all situations whether the employee is engaged by the day, week, month, or year, and whether the work performed is done in the day or night time."

89.     Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, during the relevant time period:

        a.      Administered a uniform company policy and practice as to the pay policies regarding Plaintiff and all other similarly situated aggrieved employees;

        b.      On one or more occasions, scheduled to work and in fact required Plaintiff and all other similarly situated aggrieved employees to work more than six days in seven; and

        c.      Failed to fully compensate Plaintiff and all other similarly situated aggrieved employees for working more than six days in seven.

90.     Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an



LAW OFFICES OF
KANE T. BANKS
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-4000
FAX: (323) 549-0001
BANK2@KTBANKS.COM

- 21 -

BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT

1  entitlement to recovery by Plaintiff and all other similarly situated aggrieved employees, in a
2  civil action, to the extent allowed by law.

3  **B.    PENALTIES ASSESSED**

4       91.    Pursuant to Labor Code §2699(a) (which provides that any provision of the Labor
5  Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce
6  Development Agency ("LWDA") (or any of its departments, divisions, commissions, board
7  agencies or employees), such civil penalties may, as an alternative, be recovered through a civil
8  action brought by an aggrieved employee on behalf of himself or herself and other current or
9  former employees) and Labor Code §2699(f) (which establishes a civil penalty for violations of
10 all Labor Code provisions except those for which a civil penalty is specifically provided), the
11 aggrieved employees seek recovery of all applicable civil penalties, as follows:

12       a.    As applicable, for civil penalties under Labor Code §2699(f), for all violations
13             of the Labor Code except for those for which a civil penalty is specifically
14             provided, in the amount of one hundred dollars ($100.00) for each aggrieved
15             employee per pay period for the initial violation; and two hundred dollars
16             ($200.00) for each aggrieved employee per pay period for each subsequent
17             violation; and

18       b.    As applicable, for civil penalties under Labor Code §558 (in addition to and
19             entirely independent and apart from any other penalty provided in the Labor
20             Code), for violations of Labor Code §§1-556, in the amount of $50 for each
21             underpaid aggrieved employee for each pay period the aggrieved employee
22             was underpaid, and $100 for each subsequent violation for each underpaid
23             employee for each pay period for which the employee was underpaid;

24       c.    As applicable, for civil penalties under Labor Code §1197.1 (in addition to
25             and entirely independent and apart from any other penalty provided in the
26             Labor Code), for violations of Labor Code §§1194 and 1197, in the amount of
27             $100 for each underpaid aggrieved employee for each pay period the
28             aggrieved employee was intentionally underpaid, and $250 for each

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

1   subsequent violation for each underpaid aggrieved employees regardless of

2   whether the initial violation was intentionally committed;

3   d.  As applicable, for civil penalties under Labor Code §210 (in addition to and

4       entirely independent and apart from any other penalty provided in the Labor

5       Code), for each employee who is/was not paid wages in accordance with

6       Labor Code §§201.3, 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5) in the

7       amount of a civil penalty of $100 for each aggrieved employee per pay period

8       for each initial violation, and $200 for each aggrieved employee per pay

9       period for each subsequent violation;

10  e.  As applicable, for civil penalties under Labor Code §226.3 (in addition to and

11      entirely independent and apart from any other penalty provided in the Labor

12      Code), for each violation of Labor Code §226(a), in the amount of $250 for

13      each aggrieved employee per pay period for each violation and $1,000 for

14      each aggrieved employee per pay period for each subsequent violation;

15  f.  As applicable, for civil penalties under Labor Code §256 (in addition to and

16      entirely independent and apart from any other penalty provided in the Labor

17      Code), for any aggrieved employee who was discharged or quit, and was not

18      paid all earned wages at termination in accordance with Labor Code §§201,

19      201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of

20      pay, at the same rate, for each day that he or she was paid late, until payment

21      was/is made, up to a maximum of thirty (30) days;

22  g.  As applicable, for civil penalties pursuant to Labor Code §552, in addition to

23      and entirely independent and apart from any other penalties in the Labor Code

24      (which states "No employer of labor shall cause his employees to work more

25      than six days in seven" because Defendants did in fact cause Plaintiff and the

26      similarly situated aggrieved employees to work more than six days in seven),

27      in the amount of $250 for each aggrieved employee per pay period for each

28      violation and $1,000 for each aggrieved employee per pay period for each

LAW OFFICES OF
KENNT. BANKS
1633 PONTIUS AVENUE
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (213) 949-9700
FAX: (213) 949-9701
BANKS@KESANTS.COM

1    subsequent violation; and

2        h.  As applicable, for any and all additional civil penalties and sums as provided

3            by the Labor Code and/or other relevant statutes.

4    92.    In addition, Plaintiff seeks and is entitled to seventy-five percent (75%) of all

5    penalties obtained under Labor Code §2699 to be allocated to the LWDA, for education of

6    employers and employees about their rights and responsibilities under the Labor Code, and

7    twenty-five percent (25%) to Plaintiff and all other similarly situated aggrieved employees.

8    93.    Further, Plaintiff and all other similarly situated aggrieved employees are entitled

9    to recover reasonable attorneys' fees and costs pursuant to Labor Code §§2699(g)(1) and any

10   other applicable statute.

11   94.    Labor Code §2699.3(a) states in pertinent part: "A civil action by an aggrieved

12   employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision

13   listed in Section 2699.5 shall commence only after the following requirements have been met:

14   (1) (A) The aggrieved employee or representative shall give written notice by online filing with

15   the Labor and Workforce Development Agency and by certified mail to the employer of the

16   specific provisions of this code alleged to have been violated, including the facts and theories to

17   support the alleged violation."

18   95.    Labor Code §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved

19   employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision

20   other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall

21   commence only after the following requirements have been met: (1) (A) The aggrieved

22   employee or representative shall give written notice by online filing with the Labor and

23   Workforce Development Agency and by certified mail to the employer of the specific provisions

24   of this code alleged to have been violated, including the facts and theories to support the alleged

25   violation."

26   96.    Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code

27   §2699.5 and violations of provisions other than those listed in Labor Code §2699.5. As such,

28   Labor Code §2699.3(a) and §2699.3(c) apply to this action.

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel. (323) 549-9100
Fax (323) 549-0101
Barnes@Kbarnes.com

97. On November 13, 2018, Plaintiffs complied with Labor Code §2699.3(a) and Labor Code §2699.3(c) in that Plaintiffs gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit "1" is Plaintiffs' LWDA letter.

98. Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

99. As of January 17, 2019 (65 calendar days after Plaintiffs' November 13, 2018 LWDA letter was filed online), Plaintiffs had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiffs have complied with Labor Code §2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to Labor Code §2699.

100. Further, as of December 16, 2018 (33 calendar days after Plaintiffs' November 13, 2018 LWDA letter was mailed to Defendants via certified mail), Plaintiffs have not received from Defendants written notice by certified mail that the alleged violations have been cured, including a description of actions taken. As such, Plaintiffs have complied with Labor Code §2699.3(c) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to Labor Code §2699.

## SEVENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (On Behalf of the 17200 Class)

### (Against All Defendants)

101. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

LAW OFFICES OF
KEVIN T. BARNES
1651 PONTIUS AVENUE
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 25 -

BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT

1  forth herein.

2      102.   <u>B&PC</u> §17200 provides in pertinent part "...[U]nfair competition shall mean and

3  include any unlawful, unfair or fraudulent business act...".

4      103.   <u>B&PC</u> §17205 provides that unless otherwise expressly provided, the remedies or

5  penalties provided for unfair competition "are cumulative to each other and to the remedies or

6  penalties available under all other laws of this state."

7      104.   <u>B&PC</u> §17204 provides that an action for any relief from unfair competition may

8  be prosecuted by any person who has suffered injury in fact and has lost money or property as a

9  result of such unfair competition.

10      105.   Defendants have engaged in unlawful, unfair and fraudulent business acts or

11  practices prohibited by <u>B&PC</u> §17200, including those set forth in the preceding and foregoing

12  paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum

13  working standards and conditions due to them under the <u>Labor Code</u> and/or the <u>IWC Wage</u>

14  <u>Orders</u>, as specifically described herein.

15      106.   Defendants have engaged in unfair business practices in California by practicing,

16  employing and utilizing the employment practices outlined in the preceding paragraphs,

17  specifically, by requiring employees to perform the labor services complained of herein without

18  the requisite compensation.

19      107.   Defendants' use of such practices constitutes an unfair business practice, unfair

20  competition and provides an unfair advantage over Defendants' competitors.

21      108.   Plaintiffs have suffered injury in fact and have lost money or property as a result

22  of such unfair competition.

23      109.   Plaintiffs seek full restitution from Defendants, as necessary and according to

24  proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means

25  of the unfair practices complained of herein.

26      110.   Further, if Defendants are not enjoined from the conduct set forth above,

27  Defendants will continue to practice, employ and utilize the employment practices outlined in the

28  preceding paragraphs.

BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1    111.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent

2  injunction prohibiting Defendants from engaging in the foregoing conduct.

3    112.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total

4  monetary relief sought from Defendants.

5                                      **VI.**

6                          **PRAYER FOR RELIEF**

7  WHEREFORE, Plaintiffs pray:

8    a.    That the Court issue an Order certifying the Classes herein, appointing all named

9  Plaintiffs as representative of all others similarly situated, and appointing all law firms

10  representing all named Plaintiffs as counsel for the members of the Classes;

11  As to the First Cause of Action for Failure to Provide All Paid Rest Periods:

12    b.    For one (1) hour of pay at the regular rate of compensation for each member of

13  the Rest Period Class for each workday that a legal rest period was not provided;

14    c.    For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

15  As to the Second Cause of Action for Failure to Provide Meal Periods:

16    d.    For one (1) hour of pay at the regular rate of compensation for each member of

17  the Meal Period Class for each workday that a meal or rest period was not provided;

18    e.    For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

19  As to the Third Cause of Action for Failure to Pay 7th Day Overtime Wages:

20    f.    For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s)

21  regarding wages due and owing, according to proof;

22    g.    For pre-judgment interest as allowed by Labor Code §218.6, Labor Code

23  §1194(a) and CC §3287;

24    h.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code

25  §218.5 and/or Labor Code §1194(a);

26  As to the Fourth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage

27  Statements:

28    i.    For recovery as authorized by Labor Code §226(e);

LAW OFFICES OF
SPARE, BARNES
1611 POINTE AVENUE
SECOND SUITE
LOS ANGELES, CA
90025-3361
TEL: (323) 549-9000
FAX: (323) 549-0101
BARNES@EDWARDS.COM

-- 27 --

**BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

1    j.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code

2  §226(e) and/or §226(g);

3  As to the Fifth Cause of Action for Violations of Labor Code §203:

4    k.    For recovery as authorized by Labor Code §203;

5  As to the Sixth Cause of Action for Penalties Pursuant to Labor Code §2699:

6    l.    As applicable, for civil penalties pursuant to Labor Code §2699(f), in addition to

7  and entirely independent and apart from other penalties in the Labor Code and for Labor Code

8  violations without a specific civil penalty, in the amount of $100 for each aggrieved employee

9  per pay period for each violation, and $200 for each aggrieved employee per pay period for each

10  subsequent violation;

11    m.    As applicable, for civil penalties pursuant to Labor Code §558, in addition to and

12  entirely independent and apart from other penalties in the Labor Code, as follows:

13        i)   For any initial violation, fifty dollars ($50) for each aggrieved underpaid

14             employee for each pay period for which the employee was underpaid;

15        ii)  For each subsequent violation, one hundred dollars ($100) for each aggrieved

16             underpaid employee for each pay period for which the employee was

17             underpaid;

18    n.    As applicable, for civil penalties pursuant to Labor Code §1197.1, in addition to

19  and entirely independent and apart from other penalties in the Labor Code, as follows:

20        i)   For any initial violation that is intentionally committed, $100 for each

21             aggrieved underpaid employee for each pay period for which the employee

22             was underpaid; and

23        ii)  For each subsequent violation, regardless of whether the initial violation is

24             intentionally committed, $250 for each aggrieved underpaid employee for

25             each pay period for which the employee was underpaid.

26    o.    As applicable, for civil penalties pursuant to Labor Code §210, in addition to and

27  entirely independent and apart from other penalties in the Labor Code, in the amount of $100 for

28  each aggrieved employee per pay period for each violation, and $200 for each aggrieved

1  employee per pay period for each subsequent violation;

2      p.      As applicable, for civil penalties pursuant to Labor Code §226.3, in addition to

3  and entirely independent and apart from other penalties in the Labor Code, in the amount of $250

4  for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved

5  employee per pay period for each subsequent violation;

6      q.      As applicable, for civil penalties pursuant to Labor Code §§201-203 and/or 256,

7  in addition to and entirely independent and apart from other penalties in the Labor Code, in the

8  amount equivalent to one day of pay, at the regular rate of pay, for each day that an aggrieved

9  employee was paid late, at the time of termination, until payment was/is made, up to a maximum

10  of thirty (30) days;

11      r.      As applicable, for civil penalties pursuant to Labor Code §552, in addition to and

12  entirely independent and apart from any other penalties in the Labor Code (which states "No

13  employer of labor shall cause his employees to work more than six days in seven" because

14  Defendants did in fact cause Plaintiff and the similarly situated aggrieved employees to work

15  more than six days in seven), in the amount of $250 for each aggrieved employee per pay period

16  for each violation and $1,000 for each aggrieved employee per pay period for each subsequent

17  violation;

18      s.      As applicable, for reasonable attorneys' fees and costs incurred pursuant to Labor

19  Code §§2699(g)(1) and any other applicable statute; and

20      t.      As applicable, for such relief as this Court may deem just and proper;

21  As to the Seventh Cause of Action for Unfair Business Practices:

22      u.      For an accounting, under administration of Plaintiffs and/or the receiver and

23  subject to Court review, to determine the amount to be returned by Defendants, and the amounts

24  to be refunded to members of the Classes who are owed monies by Defendants;

25      v.      For an Order requiring Defendants to identify each of the members of the Classes

26  by name, home address, home telephone number and, if available, email address;

27      w.      For an Order requiring Defendants to make full restitution and payment pursuant

28  to California law;

1  x.  For an Order for a preliminary and/or permanent injunction prohibiting

2 Defendants from engaging in the acts complained of herein;

3  y.  For the creation of an administrative process wherein each injured member of the

4 Classes may submit a claim in order to receive his/her money;

5  z.  For all other appropriate injunctive, declaratory and equitable relief;

6  aa.  For interest to the extent permitted by law;

7  bb.  For an award of attorneys' fees and costs incurred in the investigation, filing and

8 prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., and/or any other

9 applicable provision of law;

10 As to All Causes of Action:

11  cc.  For such relief as this Court may deem just and proper, including reasonable

12 attorneys' fees and costs incurred.

13           **VII.**

14        **DEMAND FOR JURY TRIAL**

15    Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

16 Dated: January 18, 2019    LAW OFFICES OF KEVIN T. BARNES

17

18        By: _____

19         Kevin T. Barnes, Esq.
          Gregg Lander, Esq.

20         Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

LAW OFFICES OF
KEVIN T. BARNES
1625 PORTOLA AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-1341
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 30 -

**BELL V. CEVA LOGISTICS U.S., INC., et al. - FIRST AMENDED COMPLAINT**

# EXHIBIT 1

LAW OFFICES OF
# KEVIN T. BARNES

KEVIN T. BARNES
GREGG LANDER

OF COUNSEL:
JOSEPH ANTONELLI

1635 PONTIUS AVENUE, 2ND FLOOR
LOS ANGELES, CALIFORNIA 90025-3361

TELEPHONE: (323) 549-9100
Toll-Free: (877) 309-3577 / FAX: (323) 549-0101

A Professional Law Corporation

—

www.kbarnes.com

—

Barnes@kbarnes.com

November 13, 2018

<u>VIA ELECTRONIC MAIL ($75 filing fee to follow by mail)</u>

PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

     Re:    <u>CEVA LOGISTICS U.S., INC. and RANDSTAD INHOUSE SERVICES, LLC (hereafter collectively, the "Employer")</u>

## NOTICE OF <u>LABOR CODE</u> VIOLATIONS PURSUANT TO <u>LABOR CODE</u> §2699.3

    To:    PAGA Administrator, California Labor and Workforce Development Agency and the Employer

    From:  CLARENCE C. BELL, III (the "Employee"), who was subjected to the wage and hour practices set forth below

    The Employee, by way of the above-named counsel, submits this Notice, pursuant to and in compliance with the requirements of California <u>Labor Code</u> §2699.3(a)/(c), and alleges the facts and theories to support the alleged violations as follows:

    During the applicable time period, all individual Employers herein were and are members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise. Further, during this time period, the Employer employed the Employee and all other similarly situated aggrieved employees as hourly-paid employees, and utilized consistent policies and procedures regarding the Employee and all such other similarly situated aggrieved employees, as follows:

    <u>First</u>, the Employer failed to provide legally requisite paid rest breaks to the Employee and all other similarly situated aggrieved employees because they did not always get legally compliant full ten minute uninterrupted rest breaks within the first four hours of their shift or major fraction thereof, and each subsequent four hours worked thereafter or major fraction thereof. The Employer's rest break policy states in pertinent part: "Non-exempt employees also may not leave work premises during a rest break." Because they were not allowed to leave the premises during rest breaks, the Employee and all other similarly situated aggrieved employees were not always provided legally compliant rest breaks. <u>Augustus v ABM Security Services, Inc.</u> (2016) 2 Cal 5th 257. Because the Employer did not pay a rest period penalty for these violations, the Employer violated <u>Labor Code</u> §226.7 and the applicable Industrial Wage Order, ¶12(A)/(B), and owes rest period wages and penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

    <u>Second</u>, The Employer failed to timely provide all legally compliant second meal breaks to the Employee and all other similarly situated aggrieved employees. The Employee and all other similarly situated aggrieved employees routinely worked over ten hours but were not timely provided a legally compliant second meal break. The Employer did not always pay a meal period penalty for these violations. As such, the Employer violated <u>Labor Code</u> §§226.7, 512 and 516 and the applicable Industrial Wage Order, ¶11, and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

    <u>Third</u>, the Employer failed to always provide the Employee and all other similarly situated aggrieved employees with one day's rest in every seven days of labor, and as such sometimes caused the Employee and all other similarly situated aggrieved employees to work more than six days in seven. As such, the Employer violated <u>Labor Code</u> §552, and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

PAGA Administrator
Re: Ceva Logistics U.S., Inc., et al.
November 13, 2018
Page 2

Fourth, when the Employer required the Employee and all others similarly situated aggrieved employees to work seven or more days in a row, the Employer failed to always pay for the first eight hours worked on the seventh day of a workweek at the rate of no less than one and one-half times the regular rate of pay, and additionally failed to always pay for all work in excess of eight hours on any seventh workday of a workweek at the rate of no less than twice the regular rate of pay. As such, the Employer violated Labor Code §§510, et seq. and owes penalties pursuant to Labor Code §§2699(f) and/or 558.

As a derivative result of the above claim(s), the Employer has also allegedly violated Labor Code §226 and §§201-203, as follows:

Regarding wage statements, pursuant to Labor Code §226 and the applicable Industrial Wage Order, the Employer is required to include on a paystub such information as all hours worked, the hourly rate of pay, and the rate of pay for overtime and double time work. Here, because the Employer allegedly failed to pay all wages as set forth above, improper paystubs were issued by the Employer to the Employee and all other similarly situated aggrieved employees, and the Employee alleges that the Employer has derivatively violated Labor Code §226, and owes penalties pursuant to Labor Code §§2699(f) and/or 226.3.

Regarding waiting time penalties, pursuant to Labor Code §203, the Employee and all other similarly situated aggrieved employees are entitled to thirty day of wages at their regular rate of pay for the Employer's alleged failure to pay all wages due upon separation of employment. Here, because the Employer allegedly failed to pay all wages as set forth above, the Employee alleges that the Employer has derivatively violated Labor Code §§201-203, and owes penalties pursuant to Labor Code §§2699(f), 203 and/or 256.

Pursuant to Labor Code §2699.3(a)(2)(A), please advise within sixty-five (65) calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations.

Further, pursuant to Labor Code §2699.3(c)(2)(A), the Employer may cure the alleged violations within thirty-three (33) calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

In addition, this letter clearly sets forth the Employee's grievances and proposed remedies, pursuant to the Labor Code, PAGA and otherwise, as set forth above. The Employee would like to engage in reasonable efforts to settle this dispute before filing a civil action against the Employer. The Employee gives the Employer the opportunity, prior to the expiration of the deadline for the LWDA to investigate, to meet the Employee's demands and settle this dispute.

We understand that if we do not receive a response within sixty-five (65) calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employee may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

Thank you for your consideration.

Very Truly Yours,

Kevin T. Barnes
Gregg Lander

cc: (via Certified Mail)
Ceva Logistics U.S., Inc.
15350 Vickery Drive
Houston, TX 77032

cc: (via Certified Mail)
Randstad Inhouse Services, LLC
150 Presidential Way, 4th Floor
Woburn, MA 01801

PAGA Administrator
Re: Ceva Logistics U.S., Inc., et al.
November 13, 2018
Page 3


cc: (via U.S. Mail)
Raphael A. Katri, Esq.
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

4

5

On the date of execution hereof, I caused to be served the following attached document/s:

6

**FIRST AMENDED COMPLAINT**

7

on the interested parties in this action, addressed as follows:

8

*For Defendant Randstad Inhouse Services, LLC:*   *For Defendant Ceva Logistics U.S.:*

9

Randstad Inhouse Services, LLC*           Ceva Logistics U.S., Inc.*
c/o Agent for Service of Process              c/o Agent for Service of Process

10

CSC - Lawyers Incorporating Service       CT Corporation System
150 Presidential Way, Fourth Floor          15350 Vickery Drive

11

Woburn, MA 01801                          Houston, TX 77032

12

Daniel Whang, Esq.**                      *Attorneys for Plaintiffs:*
SEYFARTH SHAW

13

2029 Century Park East, Suite 3500         Raphael A. Katri, Esq.**
Los Angeles, CA 90067-3021                 LAW OFFICES OF RAPHAEL A. KATRI

14

Tel.: (310) 201-1539 / Fax: (310) 551-8339   8549 Wilshire Boulevard, Suite 200
Email: DWhang@seyfarth.com                Beverly Hills, CA 90211-3104

15

Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

16

17

using the following service methods:

18

____*____ **VIA PERSONAL DELIVERY:** I caused the document(s) to be served to be personally delivered by hand to the addressee(s) pursuant to California Code of Civil Procedure §1011.

19

____**____ **VIA MAIL:** I caused the document(s) to be served to be deposited at: 1635 Pontius Avenue, Second Floor, Los Angeles, CA, which is a mailbox or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person(s) on whom the document(s) is/are to be served, at the office address as last given by that/those person(s), otherwise at that/those person(s)' place(s) of residence. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing stated herein.

20

21

22

23

I DECLARE under penalty of perjury that the foregoing is true and correct.

24

Executed on **January 18, 2019**, at Los Angeles, California.

25

26

_____
**Cindy Rivas**

27

28

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KTBLAW.COM

**PROOF OF SERVICE**